■ 187 Concourse Associates, Appellant, v Reliance National Indemnity Company, Respondent. [742 NYS2d 233] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 2, 2001, which, in an action on a policy of property insurance, granted defendant's motion to renew a prior motion for sanctions pursuant to 22 NYCRR part 130, and, upon renewal, directed plaintiff's attorney to pay defendant's attorney $10,000, unanimously modified, on the facts, to direct plaintiff's attorney to pay defendant's attorney $1,798.50 and $8,000 to the Lawyers' Fund for Client Protection, and otherwise affirmed. Pursuant to 22 NYCRR 130-1.3, the Clerk of the Supreme Court, New York County, is directed to enter judgment accordingly.

Plaintiff commenced three actions on the same insurance policy for the same loss to a building located in Bronx County. The first action was commenced in New York County and dismissed on September 2, 1999 because of plaintiff's failure to comply with its disclosure obligations. The second action was commenced on September 27, 1999, also in New York County, and the third action was commenced in Bronx County on December 14, 1999.

On December 15, 1999, the parties appeared in court on defendant's motion in the second action to compel disclosure of the insurance policy. The court granted the motion, after which defendant's attorney reminded the court that plaintiff's attorney had earlier in the conference indicated that plaintiff might re-commence the action in the Bronx. Defendant's attorney indicated that defendant had a strong preference for New York County and would take steps to keep the action in New York County in the event of plaintiff's commencing a third

action in the Bronx. The court said: "Let him [plaintiff's attorney] do whatever he wants. If he does that [files in the Bronx] and I get the case back and I dismiss it again, I will include in the sanctions all the expenses that you incurred in all the shenanigans that go on here." Plaintiff's attorney disagreed, and the conference ended, without plaintiff's attorney advising the court or his adversary that plaintiff had commenced a third action in the Bronx the day before.

After being served with process in the third action (commenced in Bronx County), defendant moved to dismiss that action, the pending (second) New York County action, and requested sanctions. On February 10, 2000, the court dismissed the Bronx County action on the ground of the pendency of the New York County action; dismissed the New York County action on the ground of res judicata, rejecting plaintiff's argument that the action was saved by CPLR 205 (a); and did not address the request for sanctions. Defendant's subsequent motion to "renew" its request for sanctions was granted, resulting in the order on appeal.

The court properly entertained defendant's second motion for sanctions, which was timely made. On the merits, we reject the motion court's finding that plaintiff's claim is "apparently meritless," and, in view of certain particulars concerning the dismissal of the first action, also reject any implication that the commencement of the second action was frivolous.

However, we find that plaintiff's attorney's conduct with respect to the third action is sanctionable. The filing of the third action should have been revealed to defendant's attorney as soon as plaintiff's counsel realized he should have commenced the third action in New York County instead of the Bronx, and certainly at the December 15 conference when the subject came up. Accordingly, we find plaintiff's counsel's inherently inconsistent explanations coupled with his failure to advise both the court and defendant's attorney that a third action in fact had already been filed in the Bronx clearly constituted frivolous conduct that delayed and prolonged the litigation (*see*, 22 NYCRR 130-1.1 [c] [2]). We therefore sanction plaintiff's attorney in the amount of defendant's attorney's fee attributable to the motion to dismiss the Bronx County action ($1,798.50) and in the additional amount of $8,000 to be paid to the Lawyers' Fund for Client Protection in accordance with the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.3), and modify accordingly. Concur—Andrias, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.